**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND TAYLOR,

      Plaintiff - Appellant,

v.

DON STEWART, Warden, Torrance
County Detention Facility; JOSEPH
CORRAL, Unit Manager, Torrance
County Detention Facility; MONICA
GALLEGOS, Grievance Officer,
Torrance County Detention Facility;
CORRECTIONS CORPORATION OF
AMERICA; LAURIE LUJAN, Law
Library Clerk, Torrance County
Detention Facility; ALFRED
JARAMILLO, Disciplinary Hearing
Officer, Torrance County Detention
Facility; HARVEY STOWE, Nurse,
Torrance County Detention Facility;
JANE DOE, Nurse, Torrance County
Detention Facility,

      Defendants - Appellees.

No. 01-2153
D.C. No. CIV-01-368 BB/RLP
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

Raymond Alphonso Taylor, a pro se state prisoner, brought civil rights claims arising from his placement in disciplinary segregation. The district court dismissed his complaints under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12 (b)(6). Mr. Taylor appeals, and we affirm in part and reverse in part.[1]

We review de novo a dismissal for failure to state a claim pursuant to section 1915(e)(2)(B)(ii). *See Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997)). We accept the allegations in the complaint as true and construe them and the reasonable inferences to be drawn from them most favorably to the plaintiff, and we view the allegations in a pro se complaint liberally. *See id.*

Mr. Taylor alleged that he was given a total of forty-five days in disciplinary segregation by a disciplinary hearing officer, and was scheduled to be

terms and conditions of 10th Cir. R. 36.3.

[1] We grant Mr. Taylor's motion to proceed on appeal without prepayment of the appellate filing fee. We remind Mr. Taylor that he is nonetheless obligated to continue making partial payments until the entire fee has been paid.

released into the general population on February 26, 2001. He alleged that he was kept in segregation beyond this date without receiving notice of the basis for his continued placement in the segregation unit. In his appellate brief Mr. Taylor states that he was not placed back in the general population until the end of April, 2001. Construing his pleadings broadly and in his favor, it appears that Mr. Taylor was in disciplinary segregation for a period of two and one half months.

He claims that his placement in the segregation unit beyond his scheduled release date violated his Eight Amendment right to be free from cruel and unusual punishment and his constitutional right to procedural due process. He further asserts that he was denied access to the courts, alleging that while in segregation he was not allowed to use the prison law library or the legal materials he desired. As a result he was unable to meet a court deadline imposed in litigation he was pursuing in the District of Columbia and the litigation was dismissed.[2]

The district court held that Mr. Taylor's allegations of constitutional violations failed to state a claim under the standards announced in *Sandin v. Conner*, 515 U.S. 472 (1995), and *Perkins*, 165 F.3d 803. In *Sandin*, the Supreme

_____

[2] In a supplemental complaint, Mr. Taylor alleged that he was denied adequate medical care while in segregation in violation of his right to be free from cruel and unusual punishment. He does not mention this claim on appeal and we therefore do not address it. Mr. Taylor does assert that the district court erred in consolidating this claim with his other constitutional challenges. Because he raises this issue for the first time on appeal, we decline to consider it. *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993).

Court held that a prisoner contending his placement in disciplinary segregation denied him due process must show his confinement imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Perkins*, 165 F.3d at 808 (quoting *Sandin*, 515 U.S. at 484). We held in *Perkins* that in order to dismiss such a claim sua sponte under section 1915(e)(2)(B)(ii), the district court must have sufficient "evidence before it from which it could engage in the analysis required by *Sandin* and determine whether the conditions of plaintiff's confinement presented the type of atypical, significant deprivation that would implicate a liberty interest." *Id.* at 809.

In *Gaines v. Stenseng*, 292 F.3d 1222 (10th Cir. 2002), decided after the district court's ruling, we addressed the same issue under very similar facts. There the prisoner asserted a procedural due process claim arising from his placement in disciplinary segregation for seventy-five days. He contended his placement was "atypical and significant because he was unable to leave his cell and work, take art classes, or mingle with other prisoners." *Id.* at 1225. In reversing the dismissal of his claim, we declared it inappropriate to dismiss such a claim without the benefit of evidence showing the typical conditions imposed upon inmates in administrative segregation and protective custody to which the plaintiff's confinement could be compared. *Id.* at 1225-26.

Here, as in *Gaines*, the placement in disciplinary segregation extended for approximately seventy-five days. Mr. Taylor alleged that during that time he was not allowed to go to the commissary to purchase food items, and was confined to a cell twenty-three hours a day with little opportunity for exercise, programming or useful activity, allegations that mirror those made in *Gaines*. As in *Gaines*, the district court concluded that Mr. Taylor did not state a due process claim under *Sandin* despite the absence of any evidence addressing whether his confinement was atypical and significant when compared to the conditions imposed on prisoners in administrative segregation and protective custody. Accordingly, we reverse the dismissal of Mr. Taylor's claim that his due process rights were violated by his two and one half month placement in disciplinary segregation, and remand to allow the district court to undertake the requisite evidentiary analysis. The court must in particular determine whether the period of duration is itself atypical and significant. *See id.* at 1226.[3]

We affirm, however, the district court's dismissal of Mr. Taylor's claim that he was denied his constitutional right of access to the courts. Mr. Taylor alleged that his inability to access prison legal materials while in disciplinary segregation caused him to miss a filing deadline imposed by the federal district

---

[3] Although Mr. Taylor also asserts an Eighth Amendment claim arising from his disciplinary segregation, it is subsumed in his due process claim.

-5-

court in Washington, D.C., in an attorney malpractice suit he had filed there.[4]  In

dismissing this claim, the district court correctly stated that to make such a claim

a plaintiff must "establish relevant actual injury."  *Lewis v. Casey*, 518 U.S. 343,

351 (1996).  Under *Lewis*, the only tools prison authorities must provide are those

that "the inmates need in order to attack their sentences, directly or collaterally,

and in order to challenge the conditions of their confinement.  Impairment of any

*other* litigating capacity is simply one of the incidental (and perfectly

constitutional) consequences of conviction and incarceration."  *Id.* at 355

(emphasis in original).  A malpractice claim against Mr. Taylor's attorneys, even

if those attorneys represented him at trial, does not fall within the *Lewis* rule.

We **REVERSE** the dismissal of Mr. Taylor's procedural due process claim

and remand for further proceedings.  We **AFFIRM** the dismissal of his claim that

he was denied his constitutional right of access to the courts.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[4] On appeal, Mr. Taylor contends he was also prevented from pursuing the appeal of his criminal conviction.  Our review of the record reveals that Mr. Taylor did not make this allegation below, and we therefore decline to consider it.