**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIS ROUSE,

       Plaintiff - Appellant,

v.

COLORADO STATE BOARD OF
PAROLE; SHERRI STONEKING,

       Defendants - Appellees.

No. 07-1036
(D.C. No. 04-CV-2248-WYD)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

      Willis Rouse, an inmate appearing pro se, appeals from the district court's

dismissal of his 42 U.S.C. § 1983 claims against Defendants-Appellees Colorado

State Board of Parole ("the Board") and Colorado Corrections Officer Sherri

Stoneking in her official capacity, as well as the court's grant of summary

judgment to Officer Stoneking in her individual capacity. Exercising jurisdiction

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

pursuant to 28 U.S.C. § 1291, we affirm.

## Background

Mr. Rouse was paroled from Colorado state custody in November 1998. Two years later, he was arrested for a parole violation and placed in the Adams County Detention Facility in Brighton, Colorado. In February 2002, Mr. Rouse was again released on parole. Then, in July 2003, Mr. Rouse was again arrested for a parole violation and returned to the Adams County Detention Facility. He was scheduled to be released from custody on June 18, 2004.

The Board scheduled a hearing regarding Mr. Rouse's second parole violation in August 2003, but the hearing was continued several times during the ensuing eight months. On May 26, 2004, the Board held its hearing and received evidence regarding the violation, but it did not render a decision. Although Mr. Rouse's discharge date was June 18, he was not released at that time. Instead, the Board scheduled an additional hearing in October 2004. The Board officially revoked Mr. Rouse's parole on October 13, 2004, and he was released from custody twelve days later. However, Mr. Rouse was immediately taken into custody on an unrelated charge.

In November 2004, Mr. Rouse filed a pro se complaint alleging that the Board and Officer Stoneking wrongfully imprisoned him for 136 days between June 18, 2004, when his term of imprisonment ended, and October 25, 2004,

when he was finally released from custody. Mr. Rouse sought discharge of his parole and release from custody as well as $68,000 in damages. The district court denied Mr. Rouse's repeated requests for appointed counsel. The magistrate judge to whom the case had been assigned then recommended granting the Defendants' motion to dismiss the claims against the Board and Officer Stoneking in her official capacity on the grounds of Eleventh Amendment immunity. Although Mr. Rouse filed a timely objection, the district court adopted the report and recommendation. Mr. Rouse subsequently sought to amend his complaint to add a claim against Board Chairman Allen Stanley, but the district court denied this motion. Mr. Rouse and Officer Stoneking then filed cross-motions for summary judgment; the district court adopted the magistrate judge's report and recommendation denying Mr. Rouse's motion but granting summary judgment to Officer Stoneking in her individual capacity. Mr. Rouse sought additional discovery, but the district court denied this motion.

## Discussion

As we understand his appeal, Mr. Rouse claims that the district court erred in (1) dismissing his claims against the Board and Officer Stoneking in her official capacity, and (2) granting summary judgment to Officer Stoneking in her individual capacity; and abused its discretion in (3) denying his motion to amend his complaint, (4) denying his motions for appointed counsel, and (5) denying his

- 3 -

request for additional discovery.  We address each of these contentions in turn.

I.    Eleventh Amendment Immunity

We review a dismissal under Fed. R. Civ. P. 12(b)(6) de novo.  High Country Citizens Alliance v. Clarke, 454 F.3d 1177, 1180 (10th Cir. 2006).  In conducting our review, we assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff.  Id. at 1180-81.  Additionally, we give a more generous construction to a pro se complaint than we afford to formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nevertheless, we will affirm the dismissal of a complaint unless it contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, ___U.S.___, 127 S. Ct. 1955, 1974 (2007).

The Eleventh Amendment bars a suit for money damages against a state by its own citizens.  Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).  This immunity from suit extends to the state's agencies and officers.  See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977).  The rule recognizes that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  Accordingly, the Board–a state agency created pursuant to Colo. Rev. Stat. § 17-2-201–and Officer Stoneking–in her official capacity as parole officer employed by the Colorado Department of

Corrections–are immune from Mr. Rouse's claim for money damages. Mr. Rouse's claim for injunctive relief is moot because he is no longer in custody for his parole violation. Therefore, the district court correctly dismissed Mr. Rouse's § 1983 claims against the Board and Officer Stoneking in her official capacity.

II.    Personal Participation

We review de novo the district court's grant of summary judgment to Officer Stoneking in her individual capacity, using the same standard applied by the district court. Cardoso v. Calbone, ___F.3d___, 2007 WL 1739694, at *2 (10th Cir. 2007). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

"In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006). Accordingly, the plaintiff is required to show an affirmative link between the defendant's conduct and any constitutional violation. Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1156-57 (10th Cir. 2001). The district court concluded that Mr. Rouse failed to show such a link, reasoning that Officer Stoneking was not a member or employee of the Board and therefore "was not responsible for the revocation hearing being held after [Mr. Rouse's] discharge

- 5 -

date." R. Doc. 105, at 3. This analysis was correct. The Board's decision to continue the revocation hearing allegedly deprived Mr. Rouse of his rights, but there is no evidence that Officer Stoneking had any role in this decision. Summary judgment was appropriately entered.

III.    Motion to Amend the Complaint

"We review a denial of leave to amend a complaint for abuse of discretion." Barfield v. Commerce Bank, N.A., 484 F.3d 1276, 1280 (10th Cir. 2007). The district court is justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss. Walker v. Elbert, 75 F.3d 592, 599 (10th Cir. 1996).

Mr. Stanley, acting in his official capacity as Chairman of the Board, is entitled to immunity from suit pursuant to the Eleventh Amendment. See Will, 491 U.S. at 71; Edelman, 415 U.S. at 663. Moreover, Mr. Rouse's motion to add Mr. Stanley alleged no facts demonstrating an affirmative link between Mr. Stanley's individual conduct and the constitutional violation. Likewise, Mr. Rouse has not pointed to any evidence in the record from which such a link may be inferred. Therefore, we conclude that the district court did not abuse its discretion in denying Mr. Rouse's motion to file an amended complaint.

IV.    Request for Appointed Counsel

28 U.S.C. § 1915(e)(1) grants the trial court discretion to appoint an attorney for a prison litigant otherwise unable to afford counsel, but there is no

automatic right to appointment of counsel in a civil rights case.  Baranowski v.

Hart, 486 F.3d 112, 126 (5th Cir. 2007).  In determining whether to appoint

counsel, the district court should consider the merits of the litigant's claims, the

nature and complexity of the factual and legal issues, and the litigant's ability to

investigate the facts and to present his claims.  Hill v. SmithKline Beecham

Corp., 393 F.3d 1111, 1115 (10th Cir. 2004).  "We review a district court's

refusal to appoint counsel for an indigent prisoner in a civil case for abuse of

discretion."  Id.

It is clear from the record–which discloses that Mr. Rouse sought the

appointment of counsel numerous times–that Mr. Rouse did not feel capable of

representing himself adequately.  However, the fact that appointing counsel would

have assisted Mr. Rouse in presenting his strongest possible case is not enough to

warrant reversal; the same could be said in almost every pro se case.  See Rucks

v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).   The district court utilized

the proper standard and determined that Mr. Rouse was "able to present his case

adequately."  R. Doc. 24, at 1.  Mr. Rouse was able to recount the facts, and the

district court understood his claims.  We conclude that the court did not abuse its

discretion in denying Mr. Rouse's repeated motions for appointed counsel.

V.     Motion for Evidentiary Hearing and Additional Discovery

After the magistrate judge recommended granting summary judgment to

Officer Stoneking, but before the district court adopted the report and

recommendation, Mr. Rouse requested additional discovery. Construing Mr. Rouse's request as a motion for discovery pursuant to Fed. R. Civ. P. 56(f), we review the district court's denial for an abuse of discretion. Bldg. & Constr. Dep't v. Rockwell Int'l Corp., 7 F.3d 1487, 1496 (10th Cir. 1993). We have held, however, that the district court does not abuse its discretion when it denies a motion to order discovery that is of "questionable relevance to the motion for summary judgment." Burke v. Utah Transit Auth. & Local 382, 462 F.3d 1253, 1264 (10th Cir. 2006). Here, we cannot imagine what evidence Mr. Rouse could have discovered that would have permitted his claim to survive Officer Stoneking's motion for summary judgment. There can be no genuine dispute that Officer Stoneking lacked the authority to control the Board's decision to continue the revocation hearing. Given this lack of authority, Mr. Rouse could not have shown a direct link between any action by Officer Stoneking and his asserted injury. The district court did not abuse its discretion.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge