FILED
United States Court of Appeals
Tenth Circuit

**March 18, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HENRY MORGAN SMITH and
DESIREE SMITH, for themselves and
on behalf of their minor children,
BRANDON SMITH and MORGAN
MARIE SMITH,

        Plaintiffs-Appellants,

    v.

BOARD OF COUNTY
COMMISSIONERS FOR THE
COUNTY OF OTERO, NEW
MEXICO; OTERO COUNTY
SHERIFF JOHN BLANSET,
individually and in his official
capacity; OTERO COUNTY DEPUTY
ROB HANSEN, individually and in
his official capacity; DEPUTY M.
MACHEWICH, individually and in his
official capacity; DEPUTY F.
PICAZO, individually and in his
official capacity; DEPUTY JOHN
DOES #1-14, and DEPUTY JANE
DOE #1, individually and in their
official capacities,

        Defendants-Appellees.

No. 08-2263

(D. of N.M.)

(D.C. No. CIV-07-1107-WJ)

---

**ORDER AND JUDGMENT**[*]

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th

(continued...)

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Henry Morgan Smith and Desiree Smith bring this appeal challenging the district court's dismissal of their civil rights complaint against various Otero County officials. Having jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## I.  Background

Because the parties are familiar with the facts, we provide only a brief summary. The Smiths owned and operated the Grubsteak Restaurant & Saloon and the Alamarosa Travel Center. The Smiths allege their family also used the property as their residence, with bedrooms located in separate parts of the building.

On September 21, 2007, the Otero County sheriff's department received a complaint about smoking being allowed in the Grubsteak Restaurant. Deputy Rob Hanson went to the restaurant to investigate the complaint and spoke with the owner, Henry Morgan Smith. After a visual investigation confirming the smoking complaint, Deputy Hanson issued a citation to Smith for a violation of New

[*](...continued)
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mexico's Dee Johnson Clean Indoor Air Act (Act), which prohibits smoking in public facilities and places of employment, including restaurants.

Over the following week, Otero County sheriff's deputies appeared at the restaurant and issued additional citations for violations of the Act; people had continued to smoke in the Grubsteak Restaurant and Smith had posted a sign expressly stating that smoking was *permitted*. In total, sixteen citations were issued to Smith over the entire course of this dispute. All but one of the citations were eventually upheld as valid in state court.

The Smiths brought suit against the Otero County Board of County Commissioners, the Otero County Sheriff, and various sheriff's deputies (collectively Defendants). In their complaint, the Smiths alleged the Defendants had committed various torts and violated their constitutional and civil rights.

In particular, Count I of the complaint alleged the sheriff's deputies violated the Smiths' Fourth Amendment rights by coming onto their premises. Count II alleged the deputies deprived Henry Morgan Smith of his identity by putting his social security number on the citations. Count III alleged a violation of the Fourteenth Amendment's Due Process Clause and stated that the deputies acted with an intent to falsely imprison Henry Morgan Smith. Count IV alleged a deprivation of liberty. Count V alleged the Defendants engaged in a conspiracy to violate the Smiths' civil rights, including their rights to due process, equal protection, and "to be secure persons, houses, and effects" in violation of 42

U.S.C. § 1985. Count VI alleged the Defendants violated Article II, Section 10 of the New Mexico Constitution—a parallel provision to the United States Constitution's Fourth Amendment. Finally, Count VII, brought under the New Mexico Tort Claims Act, raised a tort claim against the Defendants for abuse of process.

The district court dismissed all of the Smiths' claims, with prejudice, for failure to state any plausible case for relief. Notably, the district court found that the Smiths had no reasonable expectation of privacy in their restaurant as it was open to the public and the deputies' actions had taken place during business hours. Further, the court found the Smith's deprivation of liberty allegations were without merit because Henry Morgan Smith had never been detained, arrested, or imprisoned. The court also found the Smith's civil rights claims were without merit because the facts failed to demonstrate the deprivation of any federal right. Finally, the court dismissed the abuse of process claim because Deputy Hanson had the authority and probable cause to issue the citations as a matter of law.

The Smiths filed this timely appeal.

## II. Analysis

The Smiths contend the district court erred in dismissing their Fourth Amendment claims. According to the Smiths, the Defendants violated their Fourth Amendment rights by coming into their restaurant without a warrant and without probable cause. Additionally, they claim the Defendants attempted to

-4-

enforce an unconstitutional state law that banned smoking in certain public establishments.

We review de novo a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6), applying the same legal standard applicable in the district court. *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1275 (10th Cir. 2009). "In reviewing a motion to dismiss, this court must look for plausibility in the complaint. Under this standard, a complaint must include enough facts to state a claim [for] relief that is plausible on its face." *Id.* (quotation omitted). The allegations must be sufficient such that, if assumed to be true, the plaintiff plausibly—not just speculatively—has a claim for relief. *Id.* Even under the liberal standard by which we judge a pro se litigant's pleadings, *see Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008), the Smiths have failed to meet this pleading requirement.

We conclude based on our independent review of the record, and for substantially the same reasons given by the district court in its thorough opinion, the Smiths have failed to state any facts that demonstrate a deprivation of any federal or constitutional rights. As the district court concluded, the Smiths retained no reasonable expectation of privacy in the public areas of their restaurant. Consequently, they cannot point to any constitutional deprivation that

could form the basis for a 42 U.S.C. § 1983 cause of action.[1]  Therefore, even assuming all their allegations are true, the Smiths have failed to state any plausible claim for relief.

Lastly, we address the Smiths' contention the district court erred in failing to appoint counsel to help prosecute their civil rights claims.  There is no automatic right to appointment of counsel in a civil rights case.  *Beaudry v. Corrections Corp. of America*, 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).  In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims.  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  We review a district court's refusal to appoint counsel for a litigant in a civil case for abuse of discretion.  *Id.*  ("The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.").  "Only in those extreme cases where the lack of counsel results in fundamental unfairness

---

[1]  The Smiths' appellate brief states that they seek relief for violation of their "civil rights as secured by the Fourth, Tenth, and Fourteenth Amendments."  Aplt. Br. at 1.  But the Smiths only present arguments relating to alleged Fourth Amendment violations by the Defendants.  To the extent the Smiths challenge the district court's dismissal on these other grounds as well, we agree with the district court and find the facts fail to demonstrate the Defendants deprived the Smiths of any federal or constitutional rights.

will the district court's decision be overturned." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985)).

We conclude the district court did not abuse its discretion in denying the Smiths' motion for appointment of counsel. It appears from the record the Smiths did not feel they were capable of representing themselves. However, the Smiths were able to recount all the pertinent facts and the district court was able to understand their claims. Even with appointed counsel, the Smiths would have had little likelihood of prevailing on the merits. The fact that appointed counsel may have presented the strongest possible case is not sufficient to warrant reversal; the same could be said in almost every pro se case. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Therefore, there was no fundamental unfairness in the district court's decision declining to appoint counsel to the Smiths in their civil case against the Defendants.

## III. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment dismissing the Smiths' claims with prejudice.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge