**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 28 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ERNEST J. HILL, III,

   Plaintiff-Appellant,

v.

SMITHKLINE BEECHAM
CORPORATION, doing business as
Glaxosmithkline; WYETH
PHARMACEUTICALS; LAWRENCE
LEYBA, D.O., individually and in his
official capacity; JAMES M.
WATTERSON, Ph.D., individually
and in his official capacity;
MICHAEL W. MORRISON, Ph.D.,
individually and in his official
capacity; UNITED STATES OF
AMERICA;

   Defendants-Appellees.

No. 04-1053

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 02-F-1613 (MJW))

---

Submitted on the briefs:

Ernest J. Hill, III, pro se.

John W. Suthers, United States Attorney, and Megan McDermott, Assistant
United States Attorney, Denver, Colorado, for Defendants-Appellees Lawrence

Leyba, James Watterson, Ph.D., Michael Morrison, Ph.D., and United States of America.

Charles L. Casteel and Marilyn S. Chappell of Davis Graham and Stubbs, LLP, Denver, Colorado, for Defendant-Appellee Wyeth Pharmaceutical Laboratories, and Mary A. Wells and Greg W. LePage of Wells, Anderson & Race, LLC, Denver, Colorado, for Defendant-Appellee SmithKline Beecham Corporation.

---

Before **LUCERO** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

**LUCERO** , Circuit Judge.

---

Ernest J. Hill, III, a prisoner appearing pro se, appeals the district court's grant of summary judgment for defendant pharmaceutical companies and motion to dismiss for the United States and Bureau of Prisons staff members on his tort claims arising from injuries allegedly caused from taking prescription medication. We exercise jurisdiction under 28 U.S.C. § 1291, and **AFFIRM.** [*]

# I

By his own admission, Hill suffers from a number of mental disorders, including anxiety and panic disorder. While incarcerated at the United States Penitentiary, Administrative Maximum at Florence, Colorado ("ADX"), mental

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

health officials prescribed "Paxil," manufactured by Smithkline Beecham Corporation (GSK), and "Effexor," manufactured by Wyeth as medications for his mental health conditions. Defendants Leyba (Clinical Director), Watterson (Chief Psychologist), and Morrison (Staff Psychologist) were all ADX staff members whom Hill contends were involved in the relevant decisions regarding his mental health treatment.

In August 2002, Hill sued defendants under Colorado law and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671 et seq., alleging that he had suffered physical injuries, including liver damage and withdrawal symptoms, from using Paxil and Effexor. His complaint against GSK and Wyeth included products liability, failure to warn, breach of express and implied warranty, and negligence claims, and his complaint against the individual defendants included prescribing drugs without a medical license, illegal practice of medicine, medical malpractice, and negligence claims. In an amended complaint, Hill added the United States as a defendant and asserted claims against it under the FTCA for the acts and omissions of the individual defendants. Additionally, the district court allowed Hill to amend his complaint to assert claims of constitutional violations against the individual defendants pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

During the litigation, the parties traded numerous filings, resulting in a district court docket containing more than 250 entries. Filings relevant to this appeal include multiple requests by Hill for the district court to appoint counsel under 28 U.S.C. § 1915(e)(1), each of which the magistrate judge denied; many objections by Hill made under Federal Rule of Civil Procedure 72(a) to rulings by the magistrate judge; motions for summary judgment by GSK and Wyeth; and motions to dismiss by the United States and the individual defendants.

Issuing a comprehensive analysis of defendants' various dispositive motions, the magistrate judge recommended granting GSK's and Wyeth's motions for summary judgment and granting the remaining defendants' motions to dismiss. Hill timely filed his objections to the magistrate judge's recommendations. On February 9, 2004, the district court accepted the magistrate judge's recommendations and granted judgment in favor of all defendants. Hill now appeals.

## II

Hill first argues that the district court erred in failing to grant his repeated motions for appointment of counsel under § 1915(e)(1). GSK and Wyeth assert that because Hill failed to object to an initial ruling denying his request for appointed counsel that Hill therefore waived his right to appeal the denial, even

though he timely objected to the district court's denials of both his third and fourth requests for appointed counsel.

We have a "firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). If the parties fail to make a timely objection, they "waive[ ] appellate review of both factual and legal questions." Id. Here, however, Hill did timely object to the magistrate judge's rulings denying his third and fourth requests for counsel, each of which occurred at later stages of the litigation. Although we agree with GSK and Wyeth's contention that a party may not revive a waived issue simply by renewing a motion and then objecting to the later ruling, we note in the present case that the later denials of counsel were predicated upon the circumstances as they existed at the time of each particular ruling. Thus, to the extent that Hill's later requests were based on evolving circumstances, they were not merely attempts to revive waived issues. For this reason, "application of the firm waiver rule here would be pointless," and we will consider Hill's arguments. Garrett v. Fleming, 362 F.3d 692, 695 n.5 (10th Cir. 2004).

We review a district court's refusal to appoint counsel for an indigent prisoner in a civil case for an abuse of discretion. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of

counsel." McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." Id. at 839 (holding a prisoner with multiple sclerosis attending court in a wheelchair who had diminished eyesight, hearing, and ability to communicate and needed to present complex medical issues requiring expert opinion should have been appointed counsel).

We have previously directed district courts to evaluate, in connection with a request to appoint counsel under § 1915, the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims. Rucks, 57 F.3d at 979; see also, Maclin v. Freake, 650 F.2d 885, 887-89 (7th Cir. 1981).

We acknowledge that this case may be factually and legally complex, but Hill's many pleadings and filings in the district court, as well as his appellate briefs and filings, indicate a much higher degree of legal sophistication than is generally found in pro se parties. In adopting a totality of the circumstances test, the district court found that even assuming Hill had a colorable claim, he was able to present his case adequately. See e.g., McCarthy, 753 F.2d at 839. Although courts have often appointed counsel for indigent prisoners in cases requiring expert testimony, we cannot say that the district court abused its discretion here, especially considering the record's failure to reflect that Hill tried and failed to

retain potential experts. We note that Hill's <u>Bivens</u> claims against the individual defendants for violations of his Eighth Amendment right to medical care were dismissed for failure to state a claim, and Hill does not appeal that judgment. Thus, this appeal for appointed counsel is one enabling Hill to pursue money damages for alleged torts, and not one concerning continued violations of constitutional rights. Furthermore, we agree with the district court that Hill's alleged inability to access Colorado law did not cause his case to be dismissed; even with his limited resources, Hill was aware of his need for expert testimony and the Colorado certificate-of-review requirement. Even though we recognize that it might have been easier for Hill to obtain an expert witness if he had counsel, under these circumstances, we cannot conclude that the district court's ruling resulted in fundamental unfairness to Hill or was an abuse of the court's discretion.

### III

Hill next argues that the district court erred by failing to consider his various Rule 72(a) objections to the magistrate judge's rulings. [1] Hill contends

---

[1]     The government argues that Hill did not raise the issue of the district court's failure to rule on his Rule 72(a) objections in proceedings before the district court. This contention ignores Hill's filing of at least two motions apparently urging the district court to rule on his pending objections. <u>See</u> Docket Nos. 166, 236. <u>See also</u> Docket No. 147 (urging court to rule on May 9, 2003 objections).

-7-

that the district court's failure to resolve his objections shows that the district court did not even consider them.

We note that many of the objections Hill identifies as remaining unresolved were either (1) actually addressed by the district court (including his objections to the magistrate judge's refusal to appoint counsel and certain discovery issues), (2) rendered moot prior to the district court's dispositive decisions (such as Hill's objections to the magistrate judge's refusal to allow him to join the United States as a party without filing an amended complaint), or (3) not objections at all, but separate motions to the district court requesting rulings on previously filed objections. As for the remainder of his objections, the district court's failure to address Hill's arguments may be properly construed as an implicit denial of those arguments. See Stewart v. Oklahoma, 292 F.3d 1257, 1260 (10th Cir. 2002) (construing the district court's silence on the issue of Eleventh Amendment immunity as an implicit denial of the state's claim to immunity); Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 220 (5th Cir. 2000) (interpreting lack of explicit statement on Rule 72(a) objections as refusal to overrule the magistrate judge's order). We see no basis for concluding that the district court did not consider Hill's objections, and we find no error justifying reversal.

**IV**

Hill also complains that the district court, without giving any reasons, denied his Rule 56(f) motions for continuances to respond to GSK's and Wyeth's motions for summary judgment. We review this issue for an abuse of discretion. See Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc., 52 F.3d 901, 904 (10th Cir. 1995).

It is preferable that the district court set forth its reasons for denying a motion that calls for the exercise of its discretion. See United States v. Wright, 826 F.2d 938, 943 (10th Cir. 1987) (motion for bill of particulars); Childers v. Indep. Sch. Dist. No. 1, 676 F.2d 1338, 1343 (10th Cir. 1982) (motion to amend). We have held, however, that a failure of explanation is harmless when the record reveals the apparent reason or reasons justifying the denial. See Wright, 826 F.2d at 943; Long v. United States, 972 F.2d 1174, 1183 (10th Cir. 1992) (motion to amend).

In this instance, the magistrate judge's denials of Hill's Rule 56(f) motions were the last in a series of nine separate rulings on discovery matters, all included in one order. Among other rulings, the court granted protective orders to GSK and Wyeth, denied Plaintiff's motions to compel discovery, and stayed additional discovery by any party until further order of the court. Thus, when the order is read as a whole, the court did not deny Hill's Rule 56(f) motions with no

explanation. Rather, it is evident that the magistrate judge believed that Hill had adequate discovery opportunity, that Hill's discovery efforts were becoming abusive, and that sufficient discovery had taken place to address the issues then before the court. The district court's decision not to reverse this order does not constitute an abuse of discretion.

**V**

Finally, Hill contends that the district court erred in dismissing his FTCA claim against the United States under Colo. Rev. Stat. § 13-20-602(1)(a), which requires plaintiffs to file a certificate of review to pursue claims alleging professional negligence by a licensed professional. Although he failed to file a certificate of review, Hill argues that the requirement should not apply to his FTCA claim because the individual defendants (on whose account the United States has been substituted as a defendant under the FTCA) are not licensed by the State of Colorado, and the legislative declaration regarding the certificate of review provisions specifically refers to "those professionals who are licensed by this state to practice a particular profession." Colo. Rev. Stat. § 13-20-601. As an issue of statutory construction, we review this question de novo. See United States v. Sack, 379 F.3d 1177, 1178 (10th Cir. 2004), petition for cert. filed (US. Nov. 15, 2004) (No. 04-7286).

"The FTCA provides that the United States shall be liable under state tort law only 'in the same manner and to the same extent as a private individual under like circumstances.'" Nationwide Mut. Ins. Co. v. United States, 3 F.3d 1392, 1396 (10th Cir. 1993) (quoting 28 U.S.C. § 2674). "Recognizing that the United States is seldom situated identically to private parties, however, the 'like circumstances' inquiry requires only that the United States be analogized to a similarly situated private party." Id. Because it waives the United States' sovereign immunity, the FTCA must be construed narrowly. See, In re Franklin Sav. Corp., 385 F.3d 1279, 1289-90 (10th Cir. 2004). Accordingly, it is Congress's intent in enacting a limited waiver of sovereign immunity in the FTCA, not the intent of the Colorado legislature in passing the certificate-of-review requirement, that is relevant to our inquiry. See Cox v. United States, 881 F.2d 893, 895 (10th Cir. 1989).

State substantive law applies to suits brought against the United States under the FTCA. See 28 U.S.C. § 1346(b)(1). In a federal action predicated upon diversity jurisdiction, we have determined that Colorado's certificate of review requirement is a substantive rule of law. Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1541 (10th Cir. 1996). Consequently, we conclude that the Colorado review statute is applicable to professional negligence claims brought against the United States under the FTCA.

-11-

In light of the "similarly situated" requirement, we have previously rejected arguments similar to Hill's and have allowed the United States the benefits of certain state-law defenses in FTCA actions, even when the United States did not meet the technical requirements of state law. In Nationwide Mutual Insurance Co., for example, we concluded that a subrogation claim in an automobile accident involving a postal vehicle could not be brought against the United States, which action under Colorado law is permissible only if the tortfeasor was not "an insured under a policy of automobile liability insurance issued by an insurer licensed to write automobile insurance in [Colorado]." 3 F.3d at 1395 (citation omitted). Because the United States was self-insured at the time of the accident, rather than insured by a Colorado-licensed insurer, it was thus potentially liable to suit under the strict terms of the statute. Id. at 1394. Nevertheless, in light of the "like circumstances" requirement, we concluded, "so long as the United States provides protection that is equivalent to that which Colorado can and does require of private parties, the United States should be able to take advantage of the immunity that Colorado law offers to private parties." Id. at 1396. Because the United States had functionally complied with Colorado's insurance requirements through its system of self-insurance, we concluded that it was entitled to the benefit of Colorado's bar against suit. Id. at 1396-97.

-12-

In Haceesa v. United States, 309 F.3d 722, 725-27 (10th Cir. 2002), we again relied on the "like circumstances" provision to conclude that the United States was entitled to a recovery cap under the New Mexico Medical Malpractice Act, although it had not technically complied with the statutory requirements for the cap. The statute made the cap available to a qualified health care provider who established financial responsibility by filing proof of malpractice liability insurance of at least $200,000 and who participated in New Mexico's Patient Compensation Fund. Id. at 725. Even though the United States had not complied with either requirement, we noted that three other circuit courts had held that the United States was entitled to the benefit of similar recovery caps. Id. at 726. The rationales supporting these holdings included not only the "like circumstances" provisions of the FTCA, but also the assured financial responsibility of the United States and the fact that it must pay its debts without resort to a compensation fund. Id.

In the present case, to hold that the United States is not entitled to the protection of the certificate of review requirement would place it in a differently situated position than private parties defending against professional negligence claims in Colorado, thereby undermining the conditions precedent to the United States' waiver of sovereign immunity in the FTCA. In order to sue a licensed professional in Colorado, a plaintiff would first have to obtain a certificate of

-13-

review.  Likewise, the United States can only be liable under "like circumstances" to the extent that Colorado's certificate of review provision equally applies to the psychologists and psychiatrists it employs.  Simply because the professionals practicing with the Bureau of Prisons are not licensed by the State of Colorado, we cannot conclude that the United States' operates in sufficiently different circumstances to render it liable for professional negligence claims where private parties would not be.  It would undermine Congress's limited intent in waiving immunity under the FTCA for us to hold otherwise.  This conclusion not only accords with our holdings in Haceesa and Nationwide, but also with the holdings of other circuit courts in FTCA actions involving defenses or benefits that technically require state licensing.  See Taylor v. United States, 821 F.2d 1428, 1431-32 (9th Cir. 1987) (awarding United States benefit of liability limitation, even though "health care provider" defined as person or entity licensed by California); Owen v. United States, 935 F.2d 734, 737 (5th Cir. 1991) (applying state malpractice liability cap specifying "health care providers" as Louisiana-licensed persons and facilities); Scheib v. Fla. Sanitarium & Benevolent Ass'n, 759 F.2d 859, 863-64 (11th Cir. 1985) (applying collateral source rule established by statute defining "health care provider" as Florida-licensed hospital or physician).

The certificate of review requirement applies whether or not the plaintiff is represented by counsel. <u>See</u> <u>Yadon v. Southward</u>, 64 P.3d 909, 912 (Colo. Ct. App. 2002) (concluding that pro se nonattorney plaintiffs are not exempt from filing certificate of review). A plaintiff's failure to file the certificate requires dismissal of professional negligence claims. Colo. Rev. Stat. § 13-20-602(4); <u>Teiken v. Reynolds</u>, 904 P.2d 1387, 1389 (Colo. Ct. App. 1995). Accordingly, it was not error for the district court to dismiss Hill's FTCA claim against the United States for failure to file a certificate of review.

Hill's motion to strike certain portions of GSK's and Wyeth's response brief is **DENIED**. The judgment of the district court is **AFFIRMED**. Hill is reminded that he is obligated to continue making partial payments until the entire appellate filing fee has been paid.