**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 19 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RUDY MARTINEZ,

      Plaintiff - Appellant,

v.

PAGE TRUE, Warden; T. W. JOHNS,
Cpt, Leavenworth Federal
Penitentiary; C. MILNER, Special
Investigating Agent, Leavenworth KS;
MARY M. WATTS, Unit Manager,
Leavenworth KS; CINDY
ANDERSON, Counselor, Disciplinary
Hearing Officer, Leavenworth KS;
(FNU) DENNY, Chief Psychologist,
Leavenworth KS; G. L.
HERSHBERGER, Regional Director
of North Central Region, BOP, Kansas
City KS; KATHY HAWK, Executive
Director, BOP, Washington DC;
STEVEN LACY, Special Investigating
Supervisor, Leavenworth KS;
ORLANDO ACOSTA, Special
Investigating Supervisor, Leavenworth
KS,

      Defendants - Appellees.

No. 04-3154
(D.C. No. 99-CV-3108-GTV)
(D. Kan.)

ORDER AND JUDGMENT  *

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(continued...)

Before **LUCERO** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

Plaintiff Rudy Martinez, a federal prisoner proceeding pro se, challenges the district court's denial of appointed counsel in his case filed pursuant to 42 U.S.C. § 1983. His lawsuit claims that defendants violated his federal rights while he was incarcerated at the United States Penitentiary in Leavenworth, Kansas, and transferred him to the federal penitentiary in Marion, Illinois in retaliation for exercising his rights. Defendants moved for summary judgment and attached exhibits to the motion, including confidential prison reports which the district court reviewed in camera. Martinez filed an opposition to the motion and attached exhibits to his response. On appeal, he asserts that an attorney should have been appointed to represent him because his attorney would have been permitted to review the confidential prison reports, which could have led to the discovery of evidence that would have helped his case. We affirm.

"We review a district court's refusal to appoint counsel for an indigent prisoner in a civil case for an abuse of discretion." Hill v. SmithKline Beecham Corp. , 393 F.3d 1111, 1115 (10th Cir. 2004). The plaintiff has the burden to

_____

[*](...continued)
After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

show that appointment of counsel is warranted. Id. We will reverse the district court's ruling "[o]nly in those extreme cases where the lack of counsel results in fundamental unfairness." Id. (quotation omitted).

On appeal, Martinez does not challenge the district court's summary judgment order. He tells us instead that he might have been able to resist summary judgment if he had been appointed counsel because an attorney would have been permitted to review the confidential materials. He has not suggested what evidence an attorney might have discovered or how it could have helped him; rather, he hopes that an attorney could have used the confidential materials to find some evidence. We reject this argument because a party "may not use discovery as a fishing expedition." Anthony v. United States, 667 F.2d 870, 880 (10th Cir. 1981).

We have inspected the confidential prison materials the district court reviewed in camera, and find no information in them to support Martinez's claims. Therefore, we conclude that appointment of counsel to review the materials would not have assisted in the discovery of useful evidence. Cf. United States v. West, 672 F.2d 796, 800 (10th Cir. 1982) (finding no reference to alleged perjury after in camera review of files defendant sought to discover, and holding that discovery of files "would amount simply to a fishing expedition"). Moreover, the summary judgment order fairly describes the information contained

in the confidential materials. Accordingly, we cannot find that the district court's decision not to appoint counsel for Martinez "resulted in fundamental unfairness to [him] or was an abuse of the court's discretion." Hill, 393 F.3d at 1115.

The district court granted Martinez's motion to proceed without prepayment of costs and fees. He is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-4-