**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FRED RAYNEL LUCERO,

   Plaintiff-Appellant,

v.

MESA COUNTY SHERIFF'S
DEPARTMENT; STANLEY HILKEY;
STEVEN FARLOW; JIM
WESTERMEYER; KEVIN MCCABE;
MESA COUNTY DETENTION
FACILITY,

   Defendants-Appellees.

No. 08-1068
(D.C. No. 1:06-cv-01467-WDM-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

---

Fred Raynel Lucero, a Colorado inmate proceeding pro se, appeals the

district court's grant of summary judgment to defendants in his prison-conditions

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

suit under 42 U.S.C. § 1983.  We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

I.

Mr. Lucero set forth three claims of violations of his Eighth-Amendment right to be free of cruel and unusual punishment.  All of his claims stem from his temporary transfer in April 2006 from Sterling Correctional Facility (SCF) to Mesa County Detention Facility (MCDF) for a hearing.

Mr. Lucero was housed at MCDF from April 19 to April 26, 2006.  He complains that, first, officials violated his medical and housing restrictions by making him carry his bedding and personal property to a second-tier cell, and second, his cell constituted inadequate shelter because it was made to accommodate a second inmate by adding a portable bunk.  The bunk took up a great deal of the cell's floor space, leaving a gap of less than eight inches between the two bunks.  Mr. Lucero states that, due to the narrow space between the bunks, he repeatedly caught his foot, tripped, and fell.

On April 26, Mr. Lucero began the journey back to SCF.  He and seven other inmates were transported by van from MCDF to the Denver Reception and Diagnostic Center.  Mr. Lucero complains that, during the ride, the rear compartment of the van became extremely hot and intolerable because its blower vents were not functioning and exhaust fumes were entering the compartment.

-2-

The trip took about four to five hours of driving time. During two interim stops, the inmates were allowed out of the van.

Mr. Lucero's first claim focused on his conditions of confinement at MCDF. His second claim alleged that he was subjected to carbon monoxide poisoning during the van ride, and his third stated that he was subjected to extreme heat with no ventilation during that ride. In a comprehensive report and recommendation, the magistrate judge recommended granting summary judgment to defendants on all claims because Mr. Lucero had established neither the objective nor the subjective elements required to prevail on his claims. Thus, the magistrate judge recommended granting qualified immunity to defendants in their individual capacities. Mr. Lucero objected to the recommendation as to claims one and three against defendants in their individual capacities, but he explicitly disclaimed any objections to the dismissal of his second claim, his claims against defendants in their official capacities, and his requests for injunctive relief. The district court accepted the report and recommendation and granted judgment to the defendants. Mr. Lucero appeals.

## II.

We review de novo a district court's summary judgment decision regarding qualified immunity. *Cortez v. McCauley*, 478 F.3d 1108, 1115 (10th Cir. 2007) (en banc). In evaluating qualified immunity, the court first determines whether the facts alleged by the plaintiff, taken in the light most favorable to him, show

that the defendants' conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If so, then the court determines whether the right was clearly established such that a reasonable person in the defendants' position would have known that his conduct violated that right. *Id.*

Prison officials must ensure that prisoners are afforded "humane conditions of confinement," such as "adequate food, clothing, shelter, and medical care," and "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation omitted). Establishing an Eighth Amendment conditions-of-confinement claim requires a showing that (1) objectively, the deprivation was "sufficiently serious so as to deprive inmates of the minimal civilized measure of life's necessities . . . [or] so as [to] constitute a substantial risk of serious harm," and (2) subjectively, the defendants "act[ed] or fail[ed] to act with deliberate indifference to inmate health and safety." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (quotations omitted). Jail conditions may be "restrictive and even harsh," yet not unconstitutional. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

*Claims 1 and 3*

We have reviewed the record de novo, with special attention to factual issues Mr. Lucero contends were improperly decided against him. On the whole, we agree with the district court's analysis. Therefore, we affirm the grant of summary judgment to defendants on Mr. Lucero's first and third claims, based on

qualified immunity, for substantially the reasons set forth by the magistrate judge and the district court.

To the extent Mr. Lucero requests the van ride and the conditions at MCDF be evaluated in combination, we decline to do so. "*Some* conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise . . . ." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.* at 305. The conditions complained of here did not involve the deprivation of a single human need, making evaluation "in combination" improper.

*Claim 2*

Mr. Lucero claims he misdescribed his second claim for relief as carbon monoxide poisoning instead of exhaust inhalation because of his lack of sophistication in legal matters, and had counsel been appointed as he requested, the claim would have been sufficiently pled and summary judgment avoided.

Be that as it may,[1] Mr. Lucero did not object to the magistrate judge's recommendation that judgment be entered against him on his second claim. Under this court's "firm waiver rule," a party who fails to file timely objections to a magistrate judge's report and recommendation waives appellate review, unless the interests of justice dictate otherwise. *Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004). He did, however, object to at least two of the magistrate judge's denials of his repeated requests for counsel. Thus, we will review whether the district court erred in denying those requests. Our review is for an abuse of discretion. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id*. (citation and quotations omitted). In evaluating a request for counsel, the court should consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Id*.

---

[1] Even without the assistance of counsel, Mr. Lucero recognized the problem before filing his objections to the magistrate judge's report and recommendation. *See* R. Doc. 161 at 1 n.1 ("In this matter, Plaintiff misconstrued 'carbon monoxide poisoning' with 'exhaust inhalation' and based on this error and the Magistrate's recommendation, Plaintiff in good faith does not object to summary judgment for his Claim Two."). He could have sought relief from his error at that time, but instead he chose not to object to the recommendation that judgment be granted in favor of defendants.

The district court considered the appropriate factors. Its denial of Mr. Lucero's requests was not an abuse of discretion, nor did the denials create fundamental unfairness for Mr. Lucero, who adequately presented his case. We recognize that an incarcerated person faces limitations with access to legal materials and ability to investigate the facts, but there is no indication that, had Mr. Lucero had counsel, the result on his second claim would have differed.

*Award of Costs*

Finally, Mr. Lucero complains that the court awarded costs against him. Federal Rule of Civil Procedure 54(d)(1) provides that, generally, "costs–other than attorney's fees–should be allowed to the prevailing party." Rule 54(d)(1)'s general presumption operates even though Mr. Lucero paid his filing fee and his complaint was not frivolous. Moreover, Mr. Lucero failed to file for review of costs with the district court within five days of the clerk's award of costs, so he waived his right to challenge the award. *Bloomer v. United Parcel Serv., Inc.*, 337 F.3d 1220, 1221 (10th Cir. 2003) (per curiam).

III.

Mr. Lucero's motion for transcripts at taxpayer expense is DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

-7-