**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SAHIB QUIETMAN HENDERSON,

     Plaintiff-Appellant,

v.

JUSTIN JONES; EDWARD EVANS;
RON WARD,

     Defendants-Appellees.

No. 09-6260

(D.C. No. 5:07-CV-01174-W)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **TACHA** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Civil rights plaintiff and Oklahoma state prisoner Sahib Quietman Henderson,

appearing *pro se* and seeking to proceed *in forma pauperis*, appeals (1) the district court's

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

grant of summary judgment to defendants, three employees of the Oklahoma Department of Corrections ("ODOC"); and (2) the district court's denial of his third motion to appoint counsel. Henderson also requests that we reconsider this court's denial of his motion requesting an injunction pending appeal. In addition, Henderson seeks to amend his complaint, and to pursue additional discovery. He has also filed, *inter alia*, a Motion for Oral Argument and a Motion for Judicial Notice. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM the judgments of the district court and DENY all of Henderson's pending motions, including all forms of relief which he has requested.

# I

On October 18, 2007, Henderson filed a complaint in the United States District Court for the Western District of Oklahoma, naming as defendants three current and former ODOC directors, Justin Jones, Edward Evans, and Ron Ward (hereinafter the "defendants").[1] Henderson's amended complaint prayed for monetary and equitable relief pursuant to 42 U.S.C. § 1983, alleging that the defendants, in both their official and individual capacities, had unconstitutionally denied him access to the courts. On October 23, 2009, the district court adopted the sixth Report and Recommendation prepared by the

---

[1] Henderson's complaint also named Oklahoma state district court judge, Judge Joe Enos as a defendant. Upon the recommendation of the magistrate judge, the district court dismissed all claims asserted against Judge Enos in December of 2007. In his opening brief Henderson seeks to amend his complaint in order to reinstate Judge Enos as a defendant, but he has not appealed the district court's dismissal of Judge Enos as a defendant. As a court of review, it is not our role to permit amendments in the first instance, but rather to review rulings of the district court.

2

magistrate judge and, *inter alia*, granted the defendants' motion for summary judgment and denied Henderson's third motion to appoint counsel.

Henderson then filed this timely appeal.[2] Construing his pleadings liberally as we are required to do, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), Henderson argues that the district court erred (1) in granting summary judgment to the defendants, and (2) in denying his third motion to appoint counsel. Henderson also (1) seeks to amend his complaint to reinstate Judge Enos as a defendant and to add breach of contract claims against the remaining defendants and various new claims against new defendants, (2) requests additional discovery, (3) seeks leave to proceed *in forma pauperis*, (4) seeks oral argument, and (5) has filed a Motion for Judicial Notice.

## II

We begin by addressing the district court's grant of summary judgment. "We review a grant of summary judgment de novo." Annett v. Univ. of Kan., 371 F.3d 1233, 1237 (10th Cir. 2004). In so doing, "we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party," id. (quoting Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999)), and will affirm only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to

---

[2] Before filing his opening brief, Henderson requested that this court enter an injunction against the defendants pending appeal. We declined to do so. See Henderson v. Jones, No. 09-6260 (10th Cir. Dec. 11, 2009) (order denying injunction).

any material fact and that the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(c)(2).

As an initial matter, the district court correctly concluded that to the extent that Henderson has raised claims for monetary damages against the defendants in their official capacities, such claims are barred by the Eleventh Amendment. See Callahan v. Poppell, 471 F.3d 1155, 1558-59 (10th Cir. 2006) (noting that because "Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court," any claims for money damages against prison staff acting in their official capacities are barred by the Eleventh Amendment). The district court also correctly concluded that because Henderson's requests for equitable relief relate only to the Davis Correctional Facility, Henderson's transfer from that facility renders those claims moot. See Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997). Finally, the district court correctly concluded that because Henderson has failed to establish an actual injury, the defendants are entitled to summary judgment on the claims he raised against them in their individual capacities.[3] See Lewis v. Casey, 518 U.S. 343, 351 (1996) (explaining that in order to "establish relevant actual injury" an inmate who claims that he has been denied access to the courts "must . . .

---

[3] Because we conclude that the district court correctly determined that Henderson has failed to demonstrate an actual injury, we need not address whether it correctly determined that Henderson has failed to establish an "affirmative link" between the defendants and a constitutional violation, see Duffield v. Jackson, 545 F.3d 1234, 1239 (10th Cir. 2008) ("A § 1983 claim requires an affirmative link between the defendant and the constitutional violation . . . ." (quotation and citation omitted)), or whether the defendants are entitled to qualified immunity.

4

demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim").

Next, we turn to the district court's denial of Henderson's third motion to appoint counsel. "We review a district court's refusal to appoint counsel for an indigent prisoner in a civil case for an abuse of discretion." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." Id. (quotation and citation omitted). In the instant case, we readily conclude that there has been no fundamental unfairness. As the district court noted, "[a]s evidenced by the many papers and the exhibits thereto that [he] has filed, Henderson appears capable of preparing and presenting his case in a coherent manner." ROA, Vol. 1 at 1021.

## III

The judgments of the district court are AFFIRMED. All pending motions filed by Henderson, including his Motion for Judicial Notice, Motion for Oral Argument, any motions requesting additional discovery, any motions seeking to amend his complaint in any way, his motion requesting that we reconsider our denial of injunctive relief, and his motion for leave to proceed *in forma pauperis* are DENIED. As we have denied his motion for leave to proceed *in forma papueris*, Henderson is ordered to make full

5

payment of his filing fee forthwith.

Entered for the Court


Mary Beck Briscoe
Chief Judge