**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL A. FISCHER,

　　　　Plaintiff-Appellant,

v.

CODY DUNNING, C.O.; DR.
DEMING; and PETER LARAIA, Head
of Medical Administration,

　　　　Defendants-Appellees.

No. 14-2032
(D.C. No. 1:12-CV-00673-JCH-CG)
(D. of N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

---

Michael Fischer claims several officials of a state correctional facility,

where Fischer is currently serving time, were deliberately indifferent to his

medical needs in violation of the Eighth Amendment. But, because Fischer

repeatedly refused to comply with a discovery order requiring him to disclose his

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

medical records, the district court granted the defendants' motion to dismiss the suit. Finding that dismissal with prejudice is a proper sanction for violation of a discovery order and that Fischer was not entitled to a court-appointed attorney, we AFFIRM the judgment of the district court.

## I. Background

Fischer is an inmate in a New Mexico correctional facility. He indicates that he suffers from diabetes and accordingly informed prison officials that he requires certain medical treatments—including injections, wheelchair transport, an oxygen machine, diabetic hose, and appointments with a physician and certain specialists.

Claiming he did not receive these treatments, Fischer sued several prison officials, alleging that their deliberate indifference to his medical needs constituted a violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Early in the proceedings, the district court dismissed the claims against all but the two defendants responsible for his medical needs. Fischer has not appealed that decision.

The district court then sought to evaluate the legal and factual basis for Fischer's claims and accordingly ordered the defendants to submit a *Martinez* report assembling the record "necessary for the orderly consideration of the issues" Fischer had raised. *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978). To allow the defendants to properly compile a *Martinez* report, the

defendants requested access to Fischer's 2009 to 2012 medical records, but Fischer refused.

The defendants then asked that the district court compel Fischer to authorize release of the records. Fischer opposed the motion on the grounds that he had not yet seen the records himself, arguing his medical providers unconstitutionally charged fees to send him copies. But the district court concluded that Fischer had failed to show any reason why his medical providers should be required to produce his records at no cost, and, accordingly, the court ordered Fischer to sign the release form.

Nevertheless, Fischer continued to argue throughout the proceedings that he should not be compelled to provide access to his medical records before he had either received free copies of those records or been temporarily released from prison to review them in person. In several orders, the district court diligently explained and reiterated why it found Fischer's arguments unpersuasive and why the defendants were entitled to see Fischer's medical records.

Eventually, Fischer did partially fill out the appropriate release form, but he left several spaces blank, including those for his initials and Social Security number; additionally, he amended the form to limit the defendants' access to records created during the ten-month period while Fischer was in prison.[1]

---

[1] To his reply brief, Fischer has attached a consent to release medical information, which he completed in 2013. But the release is limited to an

(continued...)

Arguing that Fischer had thereby disobeyed the court's disclosure order in violation of Federal Rule of Civil Procedure 37(b), the defendants moved to dismiss Fischer's suit with prejudice. In response, the district court entered an order to show cause, which expressly warned Fischer that continued noncompliance with the discovery order might result in dismissal of his suit. Fischer's response merely reiterated the same arguments the district court had already addressed, and, as a result, the district court granted the defendants' motion to dismiss with prejudice.

Throughout the district court proceedings, Fischer filed several motions urging the district court to appoint counsel, which the district court denied, finding that "[i]t does not appear that the legal claims raised in the Amended Complaint are complex or that special knowledge of medical law is necessary. It also appears that Plaintiff is capable of presenting his claims since the Amended Complaint, provides a clear narrative regarding the alleged lack of necessary medical care by Defendants." *Fischer v. Laraia*, No. 12-0673 at *3 (D. N. M. July 25, 2013).

---

[1](...continued)
individual New Mexico doctor for the purposes of evaluating and treating sleep apnea. Thus, the consent form does not fulfill Fischer's obligation to release his records to the defendants in this case.

# II. Analysis

Fischer appeals the dismissal and the decision not to appoint an attorney. We address each issue in turn.

## A. Discovery

Because Fischer proceeds *pro se*, we construe his filings broadly, s*ee Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), but "our role is not to act as his advocate." *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). Construing Fischer's arguments as broadly as we may, we find that he has not made any legal arguments on appeal challenging the district court's decision to dismiss this action. His brief lists the medical services he was allegedly denied, asserts that certain prison officials were notified of his medical condition, and argues that those officials violated the Eighth Amendment. But the question before us on appeal is not whether Fischer received unsatisfactory medical care; the only question before us here is whether dismissal of Fischer's lawsuit was an appropriate sanction for his failure to comply with a discovery order. Fischer's brief does not offer any arguments relevant to that inquiry.

Even if we were to interpret the mere act of appealing the district court's judgment as an argument that the court misapplied Federal Rule of Civil Procedure 37(b), Fischer would not prevail. "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make. Therefore, we review the district court's decision to

dismiss for discovery violations under an abuse of discretion standard."
*Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)*.*

Federal Rule of Civil Procedure 37(b)(2) provides that, when a party "fails to obey an order to provide or permit discovery," the district court may "dismiss[] the action in whole or in part." But, in recognition "that dismissal represents an extreme sanction appropriate only in cases of willful misconduct," we assess whether the district court considered several factors before taking such drastic action: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 920–21 (citations and internal quotation marks omitted). Although these factors "do not constitute a rigid test," the district court "should ordinarily evaluate [them] on the record." *Id.*

In this case, the district court, citing directly to *Ehrenhaus*, fairly considered each of those factors. Regarding the first factor—the degree of actual prejudice to the defendant—the district court[2] identified that, where a plaintiff puts his physical health at issue, he must make a good faith effort to authorize the release of relevant medical records. *See* D.N.M.LR-Civ. 26.3(d). And the district

---

[2] For the purposes of this analysis, we do not distinguish between the district court's order and the magistrate judge's findings and recommendations, which the district court reviewed de novo and adopted in their entirety.

court then explained that, without access to Fischer's medical records, the defendants were not able to meaningfully defend themselves against Fischer's claims, all of which concerned Fischer's medical condition.

Before the district court, Fischer argued that his eventual decision to release medical records created during the ten-month period he was in prison satisfies his obligation. We disagree. Fischer's claim hinges not only on the prison's provision of medical treatment but on the necessity of those treatments. According to Fischer, his diabetes diagnosis and the prescription of the specific treatments he requested preceded his incarceration, and, as a result, the defendants need access to his pre-incarceration medical records in order to dispute that they disregarded Fischer's medical needs. Even after seven months of discovery-related motions practice, Fischer has not provided those records.

Regarding the second factor—the amount of interference with the judicial process—the district court noted that Fischer's refusal to release his medical history had entirely stalled the litigation. The district court thrice ordered Fischer to sign the appropriate form, each time explaining why it was unpersuaded by Fischer's objections. Nevertheless, Fischer continued to make those same arguments, asking the court to change its decision. Repeating this cycle was costing time and judicial resources without creating any opportunity for the court to resolve the dispute at hand.

Regarding the third factor—the culpability of the litigant—the district court pointed to its redundant and clear instructions to fill out the form. On several occasions, the district court had carefully explained why the defendants were entitled to access Fischer's medical records and why Fischer was not entitled to first receive free copies of those records. Because Fischer had requested appointed counsel, the district court also considered whether Fischer's lack of legal knowledge might be what was preventing him from complying with the court's order. But the court determined that the arguments in Fischer's responses show that he both received and comprehended the court's orders; he simply ignored those orders because he believed the court should have been persuaded by his arguments. On that basis, the court correctly concluded that Fischer's noncompliance constituted willful misconduct.

Regarding the fourth factor—whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance—the court pointed to its order to show cause, which stated, "[i]f true, Defendants' allegations provide a basis upon which Plaintiff may be subject to sanctions under Rule 37, including dismissal of his case with prejudice." *Fischer v. Laraia*, No. 12-0673 at *2 (D. N. M. Nov. 7, 2013). Although the court did not expressly warn Fischer that dismissal would be the "likely" consequence of disobeying the discovery order, the court made the possibility sufficiently clear.

Regarding the fifth factor—the efficacy of lesser sanctions—the court found that no other remedy would be effective. The redundancy of Fischer's objections implies that he did not intend to comply until his demands for free copies of his medical records had been met. Finding that monetary sanctions would not likely be meaningful to a *pro se* inmate, the district court concluded that it had no other tools to motivate Fischer to cooperate. Without Fischer's cooperation, the lawsuit could not move forward, and, as a result, dismissal was proper.

In sum, the district court soundly concluded that all five *Ehrenhaus* factors favored dismissal and, accordingly, that aggravating factors strongly outweighed the judicial policy of resolving cases on the merits. As a result, even if Fischer had properly challenged the district court's legal analysis, we would hold that the district court did not abuse its discretion in dismissing Fischer's lawsuit with prejudice.

### B. Motion for Court-Appointed Counsel

Although we accept Fischer's assertion that he has been unable to fully comprehend portions of the legal proceedings, Fischer has not made the showings necessary to receive court-appointed counsel.

"We review a district court's refusal to appoint counsel for an indigent prisoner in a civil case for an abuse of discretion. . . . Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district

court's decision be overturned." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *See Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). Instead, the court's discretion to appoint counsel stems from 28 U.S.C. § 1915. When we evaluate a district court's decision to deny such a motion, we consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115.

In this case, the district court interpreted five of Fischer's filings as motions to appoint counsel. In those documents, Fischer argues that he should be entitled to court-appointed counsel because he does not have any income and because, aside from the offerings of the prison's law library, he does not have access to legal material. The district court denied each of those motions.

As we review the district court's decision, we, like the district court, are unable to evaluate the merits of his underlying claims—largely due to Fischer's refusal to release his medical records. We have, however, already addressed the merits of his objections to the district court's discovery order and concluded that they are not persuasive.

Thus, the district court focused its analysis on Fischer's capacity to effectively present his claims. The court concluded that Fischer's claims were not

particularly complex and that his filings had demonstrated that he had been able to present them clearly. After reviewing Fischer's filings, we, too, find that he sufficiently described the medical services he needs and explained why he believes the Eighth Amendment requires the defendants to provide them.

Although the district court denied Fischer's motion for appointment of counsel before addressing his failure to comply with the discovery order, we can conclude from Fischer's filings that he understood the discovery-related proceedings as well. Further, he was able to clearly convey the reasons for which he believed he should not have to release his medical records. The documents Fischer filed after the court had imposed its discovery order demonstrate that, despite his understanding of the court's ruling and the court's admonition that noncompliance could result in dismissal, Fischer willfully flouted the court's instructions. We therefore conclude that the discovery issues were not insurmountably complex and that Fischer was able to present his arguments.

The district court therefore did not abuse its discretion in denying Fischer's motions for appointed counsel.[3]

## III. Conclusion

Because the district court did not abuse its discretion in sanctioning Fischer for noncompliance with its discovery order or in denying his motion to appoint

---

[3] Appellant's motion filed in this court for appointed counsel is denied.

-11-

counsel, we AFFIRM the district court's decision to dismiss this action with prejudice.  Further, we note that the district court has already determined that Fischer need not pay costs and fees in advance but must make partial payments over time, and we remind Fischer that he is responsible for continuing to make those payments.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge