**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES D. GREEN,

      Plaintiff–Appellant,

v.

FRANK DENNING; (FNU) POLSON;
(FNU) KLOCK; (FNU) FARKES; (FNU)
HOPKINS; S. JOHNSON, Correctional
Officer; M. RAUNIG; (FNU)
CORTRIGHT; (FNU) PIERYCCI;
CORIZON HEALTH, INC., f/n/a Prison
Health Services, Inc.,

      Defendants–Appellees.

No. 11-3270
(D.C. No. 5:06-CV-03298-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

Charles Green appeals the dismissal of his 42 U.S.C. § 1983 suit. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

**I**

In May 2005, Green was committed to the Johnson County Adult Detention Center following a conviction in Kansas state court for aggravated battery. His § 1983 complaint raises four claims. It names as defendants various prison officials along with Prison Health Services ("PHS"), the designated health care provider for the Johnson County facility.

First, Green alleges that a guard used excessive force against him. On May 10, 2005, Green was housed in a special management module for observation due to bizarre behavior. That evening, Green was outside his cell and refused to return. Deputy Polson and Deputy Brownlee physically restrained Green. During the confrontation, Polson brought Green to the ground and Green's head slammed into the floor. Green suffered a cut to the bridge of his nose and complained of concussion-like symptoms some time later.

Green also raises two deliberate indifference claims. He alleges that PHS denied him a needed hormonal treatment, and that several officials denied him adequate dental floss. Lastly, Green claims that officials opened his legal mail outside his presence.

The district court granted PHS's motion to dismiss and granted the remaining defendants' motion for summary judgment. Green timely appealed.[1]

---

[1] After Green filed his notice of appeal, this court noted a potential jurisdictional defect because one of the defendants was not listed in the order of dismissal. With our

Continued . . .

**II**

On appeal, Green contends the district court committed three procedural errors. He claims that the district court should have appointed him counsel. We review a district court's order denying the appointment of counsel in a civil case for abuse of discretion. See Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). Under this standard, we will reverse a district court's decision only if "the lack of counsel results in fundamental unfairness." Id. Given the relatively straightforward factual and legal issue presented by Green's claims, we conclude this was not one of the "extreme cases" warranting reversal based on the district court's decision not to appoint counsel. Id.

Green also asserts in conclusory fashion that the district court erred by declining to order a Martinez report, see Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir. 1978), or other discovery. However, because Green makes no effort to explain these alleged errors, he has forfeited them. See Am. Airlines v. Christensen, 967 F.2d 410, 415 n.8 (10th Cir. 1992) ("It is insufficient merely to state in one's brief that one is appealing an adverse ruling below without advancing reasoned argument as to the grounds for the appeal.").

**III**

We review de novo the dismissal of the claims against PHS under Fed. R. Civ. P. 12(b)(6). See Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). In doing so, "we assume the truth of the plaintiff's well-pleaded factual

---

leave, the district court entered a corrected order including the remaining defendant pursuant to Fed. R. Civ. P. 60(a).

allegations and view them in the light most favorable to the plaintiff." Id.

To succeed on a § 1983 claim against an entity, a plaintiff must allege that the entity had a policy or practice that lead to the claimed constitutional violation. See Dubbs v. Head Start, Inc., 336 F.3d 1194, 1215-16 (10th Cir. 2003). An entity "cannot be held liable solely because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a respondeat superior theory." Id. at 1216 (quotation omitted).

We agree with the district court that Green did not allege any facts suggesting PHS had a policy or practice that caused the alleged deprivation of his constitutional rights. Accordingly, dismissal of the claims against PHS was appropriate.

**IV**

We review the grant of summary judgment de novo. Hobbs ex rel. Hobbs v. Zenderman, 579 F.3d 1171, 1179 (10th Cir. 2009). A party is entitled to summary judgment only if, viewing the evidence in the light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law. Id.

As to Green's excessive force claim, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) (quotation omitted). The extent of an inmate's injury is one factor in that analysis. Id. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the

-4-

amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (quotations omitted).

The undisputed facts in the record show that Green had recently exhibited erratic behavior, was outside of his cell, and refused to return. In light of these circumstances, we conclude that the decision to bring Green to the ground was appropriate despite the injuries he apparently suffered.

Green's claim regarding the denial of dental floss alleges inadequate medical care and thus falls under the rubric of "deliberate indifference." See Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005). To succeed on a deliberate indifference claim, an inmate must show that a prison official "knows of and disregards an excessive risk to inmate health or safety." Garrett v. Stratman, 254 F.3d 946, 949 (10th Cir. 2001) (quotation omitted).

The district court correctly granted summary judgment in favor of defendants on Green's dental floss claim. Even if the need for dental floss were sufficiently serious,[2] Green did not show that he was actually denied access to it. The record shows that prison officials repeatedly allowed Green access to dental floss outside of his cell, but he refused it because he claimed the six-inch strands that were offered were too short. These facts do not amount to cruel and unusual punishment.

---

[2] We note that a claim based on the denial of dental floss was one of the examples of frivolous prisoner suits cited in the legislative history of the Prisoner Litigation Reform Act. See Royal v. Kautzky, 375 F.3d 720, 730 (8th Cir. 2004) (Heabey, J., dissenting) (citing 141 Cong. Rec. S14,418 (1995)).

Lastly, Green claims that prison officials improperly opened his legal mail outside of his presence. However, Green did not name as defendants the only individuals he claimed were personally involved in this violation. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997). Without tying the named defendants to this alleged constitutional violation, Green cannot prevail.

Defendants admit that a prison official inadvertently opened one item of Green's privileged mail in front of a different inmate named Green. However, "an isolated incident, without any evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts, does not give rise to a constitutional violation." Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

## V

For the foregoing reasons, the judgment of the district court is **AFFIRMED**. Green's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge