FILED
United States Court of Appeals
Tenth Circuit

May 28, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOUIS DARRYL TARANTOLA,

      Plaintiff - Appellant,

v.

CUSHING MEMORIAL HOSPITAL;
GEORGE SPEER, DO, Cushing
Memorial Hospital, Leavenworth, Kansas,

      Defendants-Appellees.

No. 12-3321
(D.C. No. 5:10-CV-03131-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

Louis Darryl Tarantola, while a prisoner at the United States Penitentiary in

Leavenworth, Kansas, sustained injuries to his head and face during a prison altercation

on January 8, 2010. Dr. George Speer treated Mr. Tarantola for those injuries at Cushing

---

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Memorial Hospital ("Cushing"). Mr. Tarantola, appearing pro se,[1] brought a lawsuit

alleging deliberate indifference to his medical needs under 42 U.S.C. § 1983 and medical

malpractice under state law. The district court dismissed the § 1983 claim for failure to

state a claim, denied Mr. Tarantola's motion to appoint counsel, and granted summary

judgment in Cushing's and Dr. Speer's favor on the medical malpractice claim. Mr.

Tarantola appeals the district court's orders granting summary judgment on the medical

malpractice claim and denying his motion to appoint counsel. We affirm.

## I. PROCEDURAL BACKGROUND

On June 15, 2010, Mr. Tarantola filed a complaint in federal district court against

Dr. Speer and Cushing, alleging that Dr. Speer "knowingly and deliberately provided . . .

substandard medical care, which resulted in permanent scars and disfigurement to [his]

head and face." *Tarantola v. Cushing Mem'l Hosp.*, 2012 WL 5877532 at *1 (D. Kan.

Nov. 20, 2012). The district court ordered Mr. Tarantola to disclose any expert witnesses

by March 7, 2012. Mr. Tarantola failed to provide the court with the names of any expert

witnesses by that date.

On November 30, 2011, the district court dismissed the § 1983 claim, construing it

---

[1] The district court therefore construed his complaint liberally. Because Mr. Tarantola also proceeds pro se on appeal, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We cannot, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

as alleged against Cushing only.  Mr. Tarantola has not challenged this ruling on appeal.

On January 6, 2012, the district court denied Mr. Tarantola's request for appointment of counsel under 28 U.S.C. § 1915(e).

On August 1, 2012, the Defendants filed motions for summary judgment, which were granted on November 20, 2012.  The district court explained that plaintiffs must prove three elements for a medical malpractice claim under Kansas law:  (1) the physician owes a duty of care to the patient; (2) the physician breached the duty of care; and (3) the patient's injury proximately resulted from the breach.  *See Esquivel v. Watters*, 183 P.3d 847, 850 (Kan. 2008).  The court also noted that expert testimony is generally required to establish the standard of care and prove causation and that summary judgment may be granted for failure to present such expert testimony.  *See id.* (expert testimony required); *Perkins v. Susan B. Allen Mem'l Hosp.*, 146 P.3d 1102, 1107 (Kan. Ct. App. 2006) (same); *St. Francis Reg'l Med. Ctr., Inc. v. Hale*, 752 P.2d 129, 134 (Kan. Ct. App. 1988) (affirming summary judgment).

The district court rejected Mr. Tarantola's claim that the Kansas common knowledge exception obviated the need for expert testimony in his case.  It noted that the common knowledge exception is narrow and rarely applied and "has three essential elements:"

> (1) the plaintiff has asserted a claim of medical malpractice; (2) the care or result of the care is patently bad; and (3) a person without the pertinent medical knowledge can assess the wrongfulness of the diagnosis, treatment, or care and attribute the plaintiff's injury to the wrongful conduct without

the assistance of expert testimony.

*Perkins*, 146 P.3d at 1106. The district court stated that expert testimony was necessary here: the stapling procedure used on Mr. Tarantola's wounds—the number of staples and the way to insert them—and whether Mr. Tarantola's scarring was greater than should be anticipated are not within common experience. As the common knowledge exception did not apply, the district court granted summary judgment.[2]

## II. JURISDICTION

Despite language referencing diversity jurisdiction in the district court's summary judgment order, the court had federal question jurisdiction over the § 1983 claim under 28 U.S.C. § 1331 and therefore had supplemental jurisdiction over the medical malpractice claim under 28 U.S.C. § 1367. We have jurisdiction under 28 U.S.C. § 1291.

## III.    DISCUSSION

On appeal, Mr. Tarantola argues that the district court erred because the hospital had a duty to oversee Dr. Speer's performance and because it would be obvious to a jury seeing his injuries that the Defendants' actions fell below the standard of reasonable care. He also argues that the district court abused its discretion in denying his request for appointment of counsel because of the complexity of his case and because of his mental instability and lack of education in the law.

---

[2] Mr. Tarantola challenges alternative bases that the district court relied upon for entering summary judgment against him. Because we affirm for the reasons stated above, we need not reach those arguments.

We review de novo the district court's decision to grant summary judgment, applying the same legal standards that should be used by the district court. *See Carpenter v. Boeing Co.*, 456 F.3d 1183, 1192 (10th Cir. 2006). In particular, "[s]tate law claims before a federal court on supplemental jurisdiction are governed by state law." *Time Warner Entm't Co., L.P. v. Everest Midwest Licensee, L.L.C.*, 381 F.3d 1039, 1044 (10th Cir. 2004). After examining the record on appeal, we affirm summary judgment for substantially the same reasons set forth by the district court in its November 20, 2012 order, *Tarantola*, 2012 WL 5877532 at *2-4.[3]

"We review a district court's refusal to appoint counsel for an indigent prisoner in a civil case for an abuse of discretion." *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (quotations omitted). We will overturn the district court's decision only in "extreme cases where the lack of counsel results in fundamental unfairness." *Id*. (quotations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quotations omitted). "The factors to be considered include 'the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his

_____

[3] Mr. Tarantola also raises for the first time on appeal the argument that he did not need to designate an expert witness under the doctrine of res ipsa loquitor. "Absent extraordinary circumstances," not present here, "we will not consider arguments raised for the first time on appeal." *Turner v. Pub. Serv. Co. of Colorado*, 563 F.3d 1136, 1143 (10th Cir. 2009).

claims.'" *Toevs*, 685 F.3d at 916 (quoting *Hill*, 393 F.3d at 1115).

The issues here are "not particularly complex." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Mr. Tarantola's filings "indicate a much higher degree of legal sophistication than is generally found in pro se parties." *Hill*, 393 F.3d at 1115. This is not an extreme case presenting special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir.1985) (holding that counsel should have been appointed for a wheelchair-bound prisoner with multiple sclerosis and diminished eyesight, hearing, and ability to communicate, and who needed to present complex medical issues requiring expert opinion). While having appointed counsel may have helped Mr. Tarantola present a stronger case, "the same could be said in any [pro se] case." *Rucks,* 57 F.3d at 979. We therefore conclude that the denial of counsel was not an abuse of discretion.

## IV.CONCLUSION

For the foregoing reasons, we affirm the district court's orders granting summary judgment and denying appointment of counsel.[4] We note that the district court granted Mr. Tarantola *in forma pauperis* status for this appeal. We remind him that he remains

---

[4] Mr. Tarantola raised other issues in his notice of appeal, but he did not raise or adequately present them in his opening brief. He has forfeited appellate consideration of those issues. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

responsible to make partial payments until his obligations are satisfied. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge