FILED
United States Court of Appeals
Tenth Circuit

October 12, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GUY HEFFINGTON,

    Plaintiff - Appellant,

v.

PAMELA PULEO; FREDERICK G.
SUNDHEIM, JR.; OUGHTERSON,
SUNDHEIM & ASSOCIATES, P.A.,

    Defendants - Appellees.

No. 18-3034
(D.C. No. 6:17-CV-01192-EFM-KGG)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **MATHESON**, Circuit Judges.
_____

Guy Heffington sued the defendants for claims related to their handling of his grandmother's estate. The district court dismissed his claims for lack of personal jurisdiction and denied Heffington's motion to appoint counsel and his request for default judgment. We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Heffington is a lifelong Kansas resident. His grandparents lived in New York until 1976, when they moved to Florida. With the help of Frederick Sundheim, a Florida attorney, his grandparents created a joint declaration of trust providing for the distribution of certain assets in the event of their death. Heffington's grandfather died in 2011. The following year, his grandmother moved back to New York to live with her best friend and her friend's daughter, Pamela Puleo. Heffington's grandmother (again with Sundheim's help) amended the trust to leave her Florida condominium to Puleo and, later, to name Puleo her successor trustee. Aside from the condominium and a donation to the Southern Illinois University, the trust assets were to go to Heffington and his brother when they turned 30.

Heffington's grandmother died in 2017. Several months later, he filed this lawsuit in the District of Kansas alleging Puleo and Sundheim[1] stole trust property and breached their duties to Heffington as a beneficiary. Specifically, he claimed (1) violations of his Fifth and Fourteenth Amendment rights, (2) breach of fiduciary duty, (3) negligence, and (4) conversion. Puleo and Sundheim moved to dismiss, arguing the district court lacked personal jurisdiction. The district court agreed and dismissed Heffington's claims. It also denied Heffington's motions for appointment of counsel and for default judgment against Puleo.

---

[1] Heffington also named Sundheim's law firm, Oughterson, Sundheim & Associates, P.A., as a defendant. We refer to both Sundheim and his firm as "Sundheim."

Heffington appeals. During the pendency of his appeal, Heffington has filed motions to supplement the record, add defendants, and proceed without prepayment of fees.

## II. Analysis

Heffington argues the district court erred by dismissing his claims because (A) it has personal jurisdiction over the defendants and (B) his claims have merit. He also challenges (C) the district court's refusal to appoint counsel to represent him and (D) its order denying default judgment against Puleo. We address these arguments in turn, as well as (E) Heffington's pending motions.

### A. Personal Jurisdiction

Heffington argues the district court erred by concluding it lacked personal jurisdiction over the defendants. Because Heffington failed to make a prima facie showing of personal jurisdiction, we see no error.

We review the district court's dismissal for lack of personal jurisdiction de novo. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). To overcome the defendants' motions to dismiss, Heffington must make a prima facie showing of personal jurisdiction. *Id.*

"The law of the forum state and constitutional due process limitations govern personal jurisdiction in federal court." *Id.* Kansas' long-arm statute supports personal jurisdiction to the extent constitutionally permitted, so we must determine whether the exercise of personal jurisdiction satisfies due process. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011).

Two types of personal jurisdiction satisfy due process: general jurisdiction and specific jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1779-80 (2017). "A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different state." *Id*. at 1780 (emphasis omitted). In contrast, a court may exercise specific jurisdiction "only if the cause of action relates to the party's contacts with the forum state." *Old Republic Ins. Co.*, 877 F.3d at 904.

To prove the district court has general jurisdiction, Heffington must show the defendants' affiliations with Kansas are "so continuous and systematic as to render them essentially at home" there. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). Heffington acknowledges in his amended complaint that Puleo is a New York resident, Sundheim is a Florida resident whose primary place of business is Florida, and Sundheim's law firm is located in Florida. And as the district court recognized, Heffington does not allege any of the defendants has ever been to Kansas, conducted business in Kansas, or had contact with anyone in Kansas other than his immediate family. We therefore agree with the district court that Heffington failed to show it has general jurisdiction over the defendants.

Nevertheless, the district court has specific jurisdiction over the defendants if Heffington proves they have "minimum contacts" with Kansas. *Old Republic Ins. Co.*, 877 F.3d at 904. This requires him to show (1) the defendants "purposefully directed [their] activities at [Kansas] residents" and (2) Heffington's injuries "arise

4

out of the defendant's forum-related activities." *Id.* (alterations and internal quotation marks omitted).

The only Kansas-directed activities Heffington identifies are communications between his family and the defendants. His amended complaint identifies fewer than twenty exchanges by mail, phone, email, and text message between 2012 and 2017. Heffington alleges his family called or emailed Sundheim several times to inquire about his grandmother's estate and, on one occasion, Sundheim emailed his family copies of his grandmother's will and trust. Heffington also alleges that his family exchanged phone calls and text messages with Puleo (which generally related to his grandmother's health, visiting his grandmother in New York, and Puleo's role as trustee) and that Puleo mailed Heffington money and some of his grandmother's belongings. These limited communications are not enough to establish minimum contacts. *See Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1076-77 (10th Cir. 1995) (the "defendants' phone calls, and ten-to-twenty faxes and letters" were not sufficient to establish minimum contacts); *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1299 (10th Cir. 1999) ("a limited number of faxes and other written communications concerning [a bank] account" were not sufficient to establish minimum contacts). And regardless, Heffington does not allege his injuries stemmed from these communications, but from the defendants' conversion of trust assets and failure to perform their duties to him as a trust beneficiary. *See Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456-67 (10th Cir. 1996) (the requirement that the plaintiff's injuries must arise out of the defendant's

5

"forum-related activities[] is not satisfied when the plaintiff would have suffered the same injury even if none of the defendant's forum contacts had taken place" (alterations and internal quotation marks omitted)).

Heffington points to "affidavits [that] included family photos over the years and statements that [his grandmother] lived in Kansas in 1997 and bought a townhome there in 2005," and argues the district court ignored these affidavits in concluding it lacked personal jurisdiction. Aplt. Opening Br. at 5. To the extent this evidence was properly before the district court,[2] it neither suggests the defendants had continuous and systematic contacts with Kansas, *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919, nor shows they purposefully directed actions toward Kansas, *Old Republic Ins. Co.*, 877 F.3d at 904. In short, evidence Heffington's grandmother once lived in Kansas and may have owned property there (which Heffington does not allege was part of the trust) does not support personal jurisdiction over the defendants.

**B. Merits**

Heffington also argues the district court erred by dismissing his claims because the facts alleged in his complaint showed the defendants illegally deprived him of his inheritance. According to Heffington, the district court should have allowed discovery and given him an opportunity to present his case. But before it can resolve

---

[2] It appears the affidavit stating Heffington's grandmother lived in Kansas in 1997 and bought a townhome there in 2005 was attached to Heffington's motion to reconsider. *See* R. at 274. Heffington does not specifically challenge the denial of his motion to reconsider in his appellate briefs, so we do not address the issue.

a case, a federal court must have both subject-matter jurisdiction (power to decide the claim) and personal jurisdiction (power over the parties). *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017). Because it lacked personal jurisdiction over the defendants, the district court had no authority to reach the merits of Heffington's claims.

### C. Appointment of Counsel

Heffington argues the district court erred by refusing to appoint counsel to represent him. We see no abuse of discretion.

A civil litigant does not have a Sixth Amendment right to counsel. *Davis v. Clifford*, 825 F.3d 1131, 1137 n.3 (10th Cir. 2016). But courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel."

We review the district court's refusal to appoint counsel for abuse of discretion. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (internal quotation marks omitted).

We have no reason to believe that, even with appointed counsel, Heffington could have avoided dismissal for lack of personal jurisdiction. Although counsel may have helped him present the best argument possible, the same could be said in any case. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Seeing no

7

fundamental unfairness resulting from Heffington's lack of appointed counsel, *see Hill*, 393 F.3d at 1115, we conclude the district court did not abuse its discretion.

### D. Default Judgment

Heffington argues the district court "erred in failing to grant [his request for] default judgment after . . . Puleo was 11 days late in responding to his complaint." Aplt. Opening Br. at 6. The district court denied default judgment because Heffington filed an amended complaint prior to the response deadline, and Puleo moved to dismiss the amended complaint within 14 days. *See* Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."). Heffington offers no argument or authority supporting his claim the district court erred, so we do not consider it on appeal. *See Kelley v. City of Albuquerque*, 542 F.3d 802, 819-20 (10th Cir. 2008).

### E. Pending Motions

Heffington has three pending motions: (1) a motion to supplement the record on appeal, (2) a motion to add defendants, and (3) a motion for leave to proceed without prepayment of fees. We deny Heffington's first two motions and grant his third.

Heffington moves to supplement the record on appeal to include additional evidence that his grandmother lived in Kansas in 1997 and bought a townhome there in 2005. He suggests this evidence helps establish the district court had personal

8

jurisdiction over the defendants. But even if supplementing the appellate record was otherwise appropriate, the evidence does not establish personal jurisdiction over Puleo or Sundheim for the reasons explained above. We therefore deny Heffington's request to supplement the record.

Heffington also moves to add Puleo's former attorney, Justin Lite, and his law firm, Lite & Russell, PLLC, as defendants-appellees. But neither Lite nor his firm was a party in the district court, so we deny Heffington's motion to add them as parties to this appeal.

Finally, Heffington moves to proceed on appeal without prepayment of fees or costs. To do so, Heffington "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). We have reviewed Heffington's financial affidavit and conclude he lacks the ability to prepay the filing fee. And although his appeal was unsuccessful, his arguments were not frivolous, so we grant Heffington's request to proceed without prepayment of fees. Because we can excuse only *prepayment* of fees, *see* 28 U.S.C. § 1915(a)(1), Heffington remains obligated to pay all fees and costs.

### III. Conclusion

We affirm the district court's order dismissing Heffington's claims for lack of personal jurisdiction. We also affirm the denial of Heffington's request for appointment of counsel and default judgment. We deny Heffington's motions to

9

supplement the record on appeal and to add defendants, and grant Heffington's motion to proceed on appeal without prepayment of fees or costs.

Entered for the Court


Monroe G. McKay
Circuit Judge